UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINA CORREA, an individual and successor-in-interest of ANTONIO VAZQUEZ aka ANTONIO VASQUEZ, deceased,<br><br>Plaintiff,<br><br>v.<br><br>M. DUNNE, in his individual capacity,<br><br>Defendant. | Case No. 1:22-cv-00872-JLT-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 9) |

## I. INTRODUCTION

On October 26, 2022, the parties filed a proposed stipulated protective order. (ECF No. 9). As discussed in more detail below, the undersigned is authorized to enter protective orders (Local Rule 302(1)) provided they comply with Local Rule 141.1. The Court has reviewed the proposed stipulated protective order and concludes it does not comply with Local Rule 141.1. For the reasons set forth below, the Court DENIES without prejudice the parties' request to enter the proposed, stipulated protective order.

## II. DISCUSSION

**A.     The Parties Fail to Comply with Local Rule 141.1(c)**

The proposed stipulated protective order does not comply with Local Rule 141.1. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following

Case 1:22-cv-00872-JLT-CDB   Document 11   Filed 10/27/22   Page 2 of 3

provisions:

 (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

 (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

 (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

  First, the information to be protected must be described in "general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child[.]" Here, the parties have noted any information designated as "CONFIDENTIAL" should be protected. Such a generalized reference does not enable the Court (or the public) to ascertain what kind of information is being protected from the stipulation provided by the parties.

  Second, the protective order must contain "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." Here, no explanation is provided as to what particularized need for protection is required.

  Finally, the parties to a proposed protective order must show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." The parties here fail to address this requirement.

/ / /

/ / /

/ / /

2

**B.     The Parties' Stipulated Protective Order is Denied Without Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.     CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of the Stipulation and Proposed Order for Confidentiality (ECF No. 9) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **October 27, 2022**                              _____
                                                                              UNITED STATES MAGISTRATE JUDGE

3