UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINA CORREA,<br><br>          Plaintiff,<br><br>     v.<br><br>M. DUNNE, *et al*.<br><br>          Defendants. | Case No. 1:22-cv-00872-JLT-CDB<br><br>ORDER ON STIPULATED REQUEST TO MODIFY CASE SCHEDULE<br><br>(Doc. 29)<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

On July 14, 2022, Defendants removed this action from Kings County Superior Court. (Doc. 1). On November 4, 2022, the Court issued a scheduling order setting forth case management dates for this action. (Doc. 15). On April 18, 2023, the Court granted Plaintiff's unopposed motion for leave to file a second amended complaint. (Doc. 28). Thereafter, Plaintiff filed a second amended complaint. (Doc. 30).

Pending before the Court is the parties' stipulated request to modify the scheduling order. (Doc. 29). The parties request additional time to conduct discovery, including taking the depositions of two defendants recently identified through discovery efforts and added to the action through the second amended complaint. The parties also seek additional time to engage in mediation or a settlement conference. *Id*. at 2. Finally, the parties anticipate the need to depose a nonparty currently awaiting trial in a criminal prosecution and who, according to the parties, is unavailable.

Based on the parties' stipulation and good cause appearing, it is HEREBY ORDERED, the Scheduling Order is amended as follows:

1. All non-expert discovery shall be completed by **August 30, 2023**, with the exception of the deposition of Adrian Madrigal;
2. All expert discovery shall be completed before **November 15, 2023**, with expert disclosure occurring on or before August 30, 2023, and disclosure of rebuttal experts on or before September 30, 2023;
3. The parties shall appear for a settlement conference before the undersigned on **September 12, 2023**, at 10:00 a.m., consistent with the directions set forth below;
4. A mid-discovery status conference may be scheduled following the settlement conference, as appropriate, to discuss the setting of pretrial motion and trial dates; and
5. All other dates in the scheduling order are vacated.

<u>Settlement Conference Directions</u>

Unless the parties request the conference to be in-person, the Court will conduct the settlement conference via video conference. The Zoom settlement conference invitation will be distributed the week prior.[1] The Court expects the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case. If any party believes that the settlement conference will not be productive, that party shall so inform the court as far in advance of the settlement conference as possible.

Unless otherwise permitted in advance by the court, the following individuals must attend the settlement conference: (1) all of the attorney(s) who will try the case; and (2) individuals with full authority to negotiate and settle the case, on any terms. *See* Local Rule 270(f).

**No later than September 5, 2023**, each party must submit to Magistrate Judge Baker's chambers at CDBorders@caed.uscourts.gov a confidential settlement conference statement. These statements should neither be filed on the docket nor served on any other party.

---

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Susan Hall, Courtroom Deputy for Magistrate Judge Baker, at SHall@caed.uscourts.gov.

In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively for the undersigned to prepare for and conduct the settlement conference. They will not become part of the case file and will be shred thereafter under Local Rule 270(e). If applicable, the statements should be marked "CONFIDENTIAL." *See* Local Rule 270(d).

The statements should not exceed ten (10) pages and should include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case, including the parties' relevant position on the factual and legal issues and brief review of the evidence to support the parties' factual position;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;

(4) your best estimate of the probability that plaintiff will prevail should this case proceed to trial;

(5) your best estimate of the damages or relief plaintiff may recover should this case proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if applicable);

(6) a history of settlement discussions (including a listing of any current settlement offers from any party, in specific dollar terms), a candid statement of your party's current position on settlement, including **the amount that you will give/accept to settle** (in specific dollar terms), and a statement of your expectations for settlement discussions;

(7) a list of the individuals who will be attending the settlement on the party's behalf, including names and, if appropriate, titles.

At the outset of the settlement conference, the undersigned may call upon the parties' counsel to give a brief (five-minute) opening presentation outlining the factual and legal highlights of their case before the parties break into separate caucuses. The undersigned reserves the right to dispense with the opening presentations of counsel if the undersigned determines that such presentations are not likely to be productive.

Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first

time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.  This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

Judge Baker will hold a short, telephonic pre-settlement conference on **September 7, 2023,** at 10:00 a.m. (dial-in number: 1-877-402-9757, Access Code 6966236).  Only the lead attorney from each side[2] should participate.  At Judge Baker's discretion, the telephonic conference may be followed by private telephonic discussions between the judge and each party.

IT IS SO ORDERED.

Dated:   **April 20, 2023**  _____
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court expects that the attorneys participating in the telephone discussion will also participate in the settlement conference.