UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINA CORREA,<br><br>        Plaintiff,<br><br>    v.<br><br>M. DUNNE, *et al*.<br><br>        Defendants. | Case No. 1:22-cv-00872-JLT-CDB<br><br>ORDER DENYING STIPULATED REQUEST TO MODIFY CASE SCHEDULE<br><br>(Doc. 40) |

Pending before the Court is the stipulated request of Plaintiff Lina Correa ("Plaintiff") and Defendants M. Dunne, R.E. Pinzon, and J.K. Bonilla ("Defendants") to modify the case schedule. (Doc. 40).

**<u>Background</u>**

Plaintiff initiated this action against Defendants on August 10, 2021, in the Superior Court of the State of California, County of Kings, with the filing of a complaint asserting claims pursuant to 42 U.S.C. § 1983 and state law in connection with the death of Antonio Vasquez while he was in custody at Corcoran State Prison. (Doc. 1). On July 14, 2022, Defendants removed the action to this Court. *Id*.

On November 4, 2022, the Court issued a scheduling order pursuant to Fed. R. Civ. P. 16. (Doc. 15). The scheduling order advised the parties: "The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify

is made by stipulation." *Id.* at 7.  Pursuant to the scheduling order, non-expert discovery closed on June 2, 2023, and expert discovery closed on August 14, 2023.  *Id.* at 2.  On December 9, 2022, Plaintiff filed a first amended complaint and on April 19, 2023, Plaintiff filed the operative second amended complaint.  (Docs. 21, 30).

On April 21, 2023, the Court granted the parties' first stipulated request to modify the case schedule to the extent of extending the time to complete non-expert discovery to August 30, 2023, with the exception of the deposition of Adrian Madrigal, and extending the time to complete expert discovery to November 15, 2023.  (Docs. 29, 34).

Two days after the close of non-expert discovery (*e.g.,* on September 1, 2023), the parties filed a second stipulated request to modify the case schedule.  (Doc. 36).  In its order dated September 5, 2023, the Court found that the parties' open-ended request for an extension of discovery was untimely as some of the dates the parties sought to extend already had expired.  (Doc. 37 at 2) (citing Local Rule 144(d)).  Nevertheless, the Court found that the supporting declarations of counsel demonstrated good cause for the limited purpose of extending the time to facilitate non-expert discovery pertaining to Mr. Vasques (decedent's father) and for deposing Mr. Madrigal.  *Id.*  The Court's order also permitted the parties to continue undertaking expert discovery concurrent with the limited extension of non-expert discovery (through and including January 30, 2024) and determined no other extension was warranted.  *Id.*

Two weeks after the close of non-expert and expert discovery (*e.g.*, on February 13, 2024), the Court ordered the parties to file a joint report identifying dates of mutual availability for pretrial conference and trial and to appear for a settlement conference.  (Doc. 39).   Instead, on February 20, 2024, the parties filed a third stipulated request to modify the case schedule.  (Doc. 40).  Specifically, the parties request the Court vacate its September 5, 2023, order modifying the case schedule, extend the deadlines to complete non-expert and expert discovery, and reset the trial date to a date in September 2024.  *Id.* at 2.  In a supporting declaration, counsel for Plaintiff attests that Mr. Vazquez stated through his attorney he would not be pursuing a claim (thereby presumably obviating the need for further discovery regarding his putative claim) and that the

parties agreed to forgo the Madrigal deposition in light of the still pending criminal prosecution. (Doc. 40-2).

**Standard of Law**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted).  Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases.  Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.  Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders. . .

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id*.  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**Discussion**

Notwithstanding that all discovery closed in this action on January 30, 2024, two weeks later, the parties filed the instant request for additional time to complete unspecified discovery and delay trial.  Although it appears the parties exercised diligence in using the additional time provided by the Court in its September 5, 2023, granting their second requested extension of deadlines for completing discovery, the parties advance no reason why discovery dates should be

extended yet again.

The parties' belated request to undertake additional and unspecified discovery flies in the face of the clear command of the scheduling order: "No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend." (Doc. 15 at 3). The parties' belated request separately contravenes Local Rule 144(d), providing that: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." On this record, the parties have failed to demonstrate diligence sufficient to support a finding of good cause for any further extensions of discovery deadlines. *See Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007) ("plaintiffs delayed until after even the close of discovery to bring their motion to modify the scheduling order. This is, as defendants point out, the antithesis of diligence" under Local Rule 144).

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The parties' stipulated request to modify the case schedule (Doc. 40) is DENIED;
2. The parties SHALL APPEAR for pretrial conference on July 15, 2024, at 1:30 p.m., located at the United States District Courthouse, 2500 Tulare Street, in Fresno, California, before District Judge Jennifer L. Thurston. The parties are referred to the Scheduling Order (Doc. 15 at 4-5) regarding their obligation to file a joint pretrial statement in advance of the pretrial conference;
3. The parties SHALL APPEAR for trial, estimated to last between 4 and 5 days, on September 17, 2024, at 8:30 a.m., located at the United States District Courthouse, 2500 Tulare Street, in Fresno, California, before District Judge Jennifer L. Thurston; and

///
///
///

4. The parties SHALL APPEAR for settlement conference before the undersigned on April 10, 2024, at 10:00 a.m. The Court will enter a separate order governing participation in and attendance at the settlement conference.

IT IS SO ORDERED.

Dated: __**February 22, 2024**__        _____
                                        UNITED STATES MAGISTRATE JUDGE